IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WAYNE T. HARRIS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 05-3343-CV-S-DW |
| | ) | Crim. No. 04-03008-01-cr-s-dw |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

ORDER

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct His Sentence under 28 U.S.C. § 2255 (Doc. 1) and Movant's Motions to Amend (Docs. 10 and 11). After careful consideration of the record and the parties' arguments, the Court DENIES Movant's § 2255 motion.

I.

On November 19, 2003, a search warrant was executed at Movant's residence following Movant having sold methamphetamine out of his residence to a police informant on three occasions. Movant was found in possession of four firearms and drug contraband. Each of the four firearms had been manufactured outside the State of Missouri. On May 21, 2004, Movant pled guilty to a one-count indictment charging Movant with being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). This Court accepted the guilty plea on July 9, 2004, and Movant was sentenced to a 180 month term of imprisonment on November 8, 2004.

1

Movant now brings this § 2255 motion alleging three grounds for relief: (1) the statute he was charged with is unconstitutional as applied to him because his possession of firearms had no substantial affect on interstate commerce; (2) his attorneys provided ineffective assistance of counsel in failing to challenge the allegedly defective indictment as they did not raise an affirmative defense based on the Commerce Clause; and (3) the district court plainly erred in sentencing him as an armed career criminal pursuant to 18 U.S.C. § 924(e) as he was not so charged in the indictment.

II.

A federal sentence may be collaterally attacked by a 28 U.S.C. § 2255 motion. See Rules Governing Section 2255 Proceedings for the United States District Court, Rule 1. Section 2255 sets forth four grounds upon which a federal prisoner may base a claim for relief: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; Hill v. United States, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470 (1962).

III.

Movant first claims that 18 U.S.C. § 922(g)(1) is an invalid exercise of the power of Congress to criminalize conduct under the Commerce Clause and that application of such statute to him is unconstitutional as his possession had no substantial effect on interstate commerce.

It is well established that it is within the power of Congress to criminalize conduct under the Commerce Clause. The language in 18 U.S.C. § 922(g), "in or affecting commerce" only requires a nexus to interstate commerce to the extent that the relevant firearm had at some time

traveled from state to state. Scarborough v. United States, 431 U.S. 563 (1977). Proof of manufacture of the firearm outside of the state in which it was found is sufficient proof of the interstate commerce nexus element. United States v. Bowling, 32 F.3d 326, 328 (8th Cir. 1994). See also United States v. Goerlick, 729 F.2d 1168 (8th Cir. 1984). The firearms found in Movant's possession were all manufactured outside of the State of Missouri.

Second, Movant alleges ineffective assistance of counsel on the grounds that his attorneys failed to challenge the interstate commerce nexus element of the offense. To establish a claim for ineffective assistance of counsel, Movant must show (1) counsel's representation was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668 (1984). The first prong requires that Movant demonstrate that counsel made errors so serious that the attorney ceased to function as the "counsel" guaranteed by the Sixth Amendment. But "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

The Government responds to Movant's arguments by arguing that counsels' performance was "within the 'range of reasonable professional assistance' required by Strickland" given the well developed state of the law. The Court is unable to conclude that counsels' decision not to challenge the application of the statute to Movant on Commerce Clause grounds was objectively unreasonable under Strickland. Further, given the state of the law, such an argument would have been frivolous. Thus, Movant is unable to establish that such action prejudiced his defense.

Lastly, Movant argues that he was improperly sentenced under 18 U.S.C. § 924(e) despite the fact that the indictment charged him only with violating 18 U.S.C. § 922(g)(1), punishable by

3

18 U.S.C. § 924(a)(2). The maximum sentence under 18 U.S.C. § 924(e) is 180 months while the maximum sentence under 18 U.S.C. § 924(a)(2) is 120 months. Movant earlier complained to this Court of the same in a JMotion to Set Aside the Plea of Guilty. (Crim. No. 4-03008-01-CR-S-DW, Doc. 40). This Court denied that motion on January 28, 2005. (Doc. 54). In that same case, this Court denied a Motion to Reconsider Sentencing on the same grounds Movant raises in the instant motion. (Doc. 55). For the reasons set forth therein, Movant's § 2255 motion is denied.

## IV.

For the reasons set forth above, it is hereby ORDERED that Movant's 28 U.S.C. § 2255 motion (Doc. 1) and Motions to Amend (Docs. 10 and 11) are DENIED.

IT IS SO ORDERED

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

DATE: November 14, 2005